UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN KAILIN and KIM KAILIN, on their own behalf and on behalf of their daughter, TAYLOR KAILIN, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> DELANTE GREER, UNIDENTIFIED OFFICERS, and VILLAGE OF GURNEE, <br><br> Defendants. | No. 19 C 5188 <br><br> Judge Sara L. Ellis |

## ORDER

The Court grants in part and denies in part Defendants' motion to dismiss Count I of Plaintiffs' Amended Complaint [13]. The Court allows Kim Kailin to proceed on the excessive force claim with respect to Greer's alleged use of force against her but dismisses the remaining allegations of excessive force brought on behalf of Steven or Taylor Kailin or for their dog Timber's injuries. See Statement.

## STATEMENT

After their dog died in a police-involved shooting, Plaintiffs Steven and Kim Kailin, on their own behalf and on behalf of their daughter, Taylor, filed this civil rights suit against Defendants the Village of Gurnee and Delante Greer, a Gurnee police officer.[1] They bring claims for excessive force and illegal seizure pursuant to 42 U.S.C. § 1983, as well as state law claims for intentional infliction of emotional distress, assault, *respondeat superior*, and indemnification. Defendants have moved to dismiss the Kailins' excessive force claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in

---

[1] The Kailins also named as Defendants "Unidentified Officers" but have not yet identified these Defendants. Because Defendants' arguments for dismissal would apply equally to the Unidentified Officers, the Court extends them to the Unidentified Officers because the Kailins had the opportunity to respond. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion).

the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Kailins allege as follows: Taylor, a seventeen-year old girl, had an emotional support service dog, Timber. Timber had no history of aggression, attacks, or bites. On July 26, 2019, Steven called the Gurnee police non-emergency number requesting assistance with an incident involving Taylor and a teenage boy. Greer responded to the Kailins' house. Kim opened the door, with Timber at her side. Before Greer reached the front door, Greer turned and ran through the bushes toward a neighbor's yard. Timber went outside, followed by Kim, Steven, and Taylor. Greer then stopped, pulled out his firearm, and without warning fired two shots in Kim and Timber's direction. The shots killed Timber.

For their excessive force claim, the Kailins contend that Greer used greater force than necessary when he fired in Kim and Timber's direction, ultimately killing Timber. Defendants argue that this claim fails because the complaint only alleges force directed at Timber and dog owners cannot maintain a vicarious excessive force claim. The Kailins respond that their allegations "go beyond a vicarious constitutional claim for the deadly force against Timber and allege the deadly force was used against Kim." Doc. 20 at 2. Indeed, the Seventh Circuit has held that "gun pointing when an individual presents no danger is unreasonable and violates the Fourth Amendment." *Baird v. Renbarger*, 576 F.3d 340, 345 (7th Cir. 2009). And contrary to Defendants' argument, "[p]laintiffs need not show physical injury in order to sustain an excessive force claim." *Id.* at 344. On the facts alleged, which include that Greer fired two shots in Kim's direction, Kim may proceed on her excessive force claim against Greer. *See Wright v. Young*, No. 3:18-CV-614-PPS-MGG, 2019 WL 3778699, at *1 (N.D. Ind. Aug. 9, 2019) (allowing claim of excessive force to proceed where the plaintiff alleged that the officer "pointed his gun at him while he was compliant and non-threatening").

But the Kailins cannot pursue an excessive force claim related to the killing of Timber or on behalf of Steven or Taylor. The Kailins do not provide support for "maintain[ing] a vicarious constitutional claim for witnessing the alleged excessive use of force" on their dog. *Taylor v. City of Chicago*, No. 09 CV 7911, 2010 WL 4877797, at *4 (N.D. Ill. Nov. 23, 2010); *see also Phillips v. City of Chicago*, No. 12 C 9895, 2013 WL 4779185, at *1–2 (N.D. Ill. Sept. 5, 2013) (a plaintiff cannot state an excessive force claim where force was directed at someone or something else); *Nichols v. Vill. of Minerva, Ohio*, No. 5:14-cv-613, 2016 WL 1162080, at *4 (N.D. Ohio Mar. 23, 2016) ("[O]ne may not assert an excessive force claim on behalf of a dog."). This does not necessarily leave the Kailins without a remedy for the shooting of their dog; Defendants do not challenge the Kailins' unreasonable seizure claim arising out of Timber's death. *See Villo v. Eyre*, 547 F.3d 707, 710–11 (7th Cir. 2008). But, with respect to the excessive force claim, the Court allows only Kim to proceed with respect to Greer's alleged use of force against her.

Date: March 2, 2020 /s/ Sara L. Ellis